UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL CAMPBELL                                    CIVIL ACTION

VERSUS

VERMA SYSTEMS, INC., ET AL.                NO. 21-00272-BAJ-RLB

RULING AND ORDER

Before the Court is **Defendant Verma Systems, Inc.'s Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Rule 12(b)(6) (Doc. 6).** The motion is opposed.[1] *See* (Doc. 7). For the reasons stated below, Defendant's Motion is **GRANTED**, in part.

I.    BACKGROUND

Plaintiff is a former employee of Verma Systems, Inc. ("Verma"). (Doc. 6-1, p. 1). Plaintiff alleges that he was terminated on May 23, 2019, in retaliation for reporting alleged sexual harassment by a coworker, in violation of Title VII, as well as state and federal whistleblower statutes. (Doc. 1-2, p. 11). Plaintiff's petition states that he "was given the right to sue by the EEOC on August 13, 2020, and as a result this action is timely." (Doc. 1-2, p. 12). Plaintiff filed suit on November 12, 2020, in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana.

---

[1] Plaintiff's opposition was not timely filed. *See* (Doc. 7). Under Local Rule 7(f), a respondent opposing a motion must file a response within twenty-one days after service of the motion. Plaintiff's opposition was filed ten days after the twenty-one-day mark.

(Doc. 1-2). On May 12, 2021, Verma filed a Notice of Removal to this Court. (Doc. 1).

On June 7, 2021, Verma filed the instant motion, alleging that Plaintiff's action under Title VII is time-barred. (Doc. 6). Verma also alleges that Plaintiff's state law whistleblower claims are prescribed. (Doc. 6). Plaintiff filed his opposition on July 7, 2021, ten days after the deadline imposed by Local Rule 7(f). He did not request leave to file an untimely opposition, as required by Federal Rule of Civil Procedure ("Rule") 6(b)(1)(B) and provided no explanation for his failure to timely file an opposition. Therefore, Defendant's Motion is deemed unopposed.

## II.    LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

## III.    ANALYSIS

### A.  Federal Claims

When filing a claim for employment discrimination, a plaintiff must exhaust all administrative remedies prior to pursuing a claim in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). "Exhaustion occurs when [a] plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Id.* at 379 (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996)). Title VII provides that claimants have ninety days to file a civil action after receipt of a "right-to-sue" notice from the EEOC. 42 U.S.C. § 2000e–5(f)(1). This time period is "strictly construed," such that filing suit even one day beyond the ninety-day period is grounds for dismissal. *Taylor*, 296 F.3d at 379–80.

Plaintiff's petition asserts that he "was given the right to sue by the EEOC on August 13, 2020, and as a result this action is timely." (Doc. 1-2, p. 12). Plaintiff filed suit on November 12, 2020, ninety-one days after he was "given" the right to sue. (Doc. 1-2). Plaintiff's complaint does not specify what "given" means. When the date on which a right-to-sue letter was received is unknown or disputed, courts may presume that the plaintiff received the right-to-sue letter up to three days after it was mailed. *See Taylor*, 296 F.3d at 379; *Jenkins v. City of San Antonio Fire Dept.*, 12 F. Supp. 3d 925, 936 (W.D. Tex. 2014) (collecting cases). The Complaint in *Taylor*

3

specifically provided that "the EEOC issued a Right to Sue Letter on September 29, 2000, and this suit is filed within ninety (90) days of receipt of the Right to Sue Letter." *Id.* Here, Plaintiff merely states that he was "given" the right to sue by the EEOC on August 13, 2020. Plaintiff has not provided the EEOC right-to-sue letter or made any other effort to show when the letter was sent or received.

Viewing the facts as pleaded in the light most favorable to Plaintiff, Plaintiff was given the right to sue upon receipt of the EEOC letter. The Court presumes Plaintiff received the right to sue letter on August 13, 2020, due to his statement and failure to provide the letter. Based on this assumption it appears that Plaintiff's Title VII claims are time-barred. However, if Plaintiff can show the letter was sent by the EEOC on August 13, 2020, then his claims may not be time barred. Therefore, Defendant's Motion is **GRANTED**, in part.

Defendants seek dismissal of Plaintiff's claims with prejudice. However, Rule 15(a) provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires." FED. R. CIV. P. 15(a)(2). The United States Court of Appeals for the Fifth Circuit has held that "[g]ranting leave to amend is especially appropriate . . . when the trial court has dismissed the complaint for failure to state a claim." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (citing *Griggs v. Hinds Junior College*, 563 F.2d 179, 180 (5th Cir.1977) (per curiam)).

Here, Plaintiff's petition was either filed only one date late or within the ninety-day period. The issue of whether Plaintiff's claims is time barred turns on

4

whether the EEOC mailed the right to sue letter on August 13, 2020 or whether Plaintiff received the right to sue letter from the EEOC on August 13, 2020. *See Taylor*, 296 F.3d at 379. Additionally, the instant Motion was filed before any responsive pleadings in the matter were filed. As such, no undue prejudice to the Defendants will follow by allowing Plaintiff limited leave to amend his complaint to address the deficiencies outlined in this Order.

### B. State Law Claims

Plaintiff also alleged that Verma violated the Louisiana whistleblower statute. *See* LA. REV. STAT. ANN. 23:967. While there is no prescriptive period specifically set out in the Louisiana Whistleblower Statute, "absent any specification within La. R.S. 23:967, the plaintiff's cause of action thereunder is subject to the general one-year prescriptive period for delictual actions provided in La. Civ. Code art. 2942." *Clark v. Auger Services, Inc.* 443 F. Supp. 3d 685, 712 (M.D. La. 2020) (quoting *Nolan v. Jefferson Parish Hosp. Serv. Dist. No. 2*, 790 So.2d 725, 733 (La. App. 5 Cir. 6/27/01)). The prescriptive period for delictual actions begins to run from the day the injury or damage is alleged to have been sustained. LA. CODE CIV. P. art 3492.

Unlike Plaintiff's corresponding federal claims, Louisiana law does not provide an extension of time. "Prescription for retaliation claims under La. R.S. 23:967 is not suspended during administrative review or investigation." *Clark*, 443 F. Supp. 3d at 712 (*citing Langley v. Pinkerton's Inc.*, 220 F. Supp. 2d 575, 581 (M.D. La. 2002)). Here, the prescriptive period began to run on the date Plaintiff was terminated: May 23, 2019. It is undisputed, therefore, that Plaintiff's state law claims brought in his November 12, 2020 suit are prescribed. Thus, Defendant's Motion is **GRANTED** as

to Plaintiff's state law claim and Plaintiff's state law claims are **DISMISSED WITH PREJUDICE**.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion (Doc. 6) is **GRANTED**, as to Plaintiff's state law claims. Plaintiff's state law claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's Motion is **GRANTED**, in part, regarding Plaintiff's federal claims. Plaintiff's federal claim, as pleaded, is time-barred. Therefore, Plaintiff's federal claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED LEAVE** to file a revised Amended Complaint addressing the deficiencies described in this order no later than February 10, 2022.

Baton Rouge, Louisiana, this 26th day of January, 2022

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**