UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL CAMPBELL                                    CIVIL ACTION

VERSUS                                              NO. 21-272-BAJ-RLB

VERMA SYSTEMS, INC., ET AL.

### ORDER

Before the Court is Defendant's Motion to Compel filed on January 25, 2022. (R. Doc. 11). The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

**I.    Background**

On November 12, 2020, Michael Campbell ("Plaintiff"), a former employee of Verma Systems, Inc. ("Verma" or "Defendant"), filed this action in the 19th Judicial District Court for East Baton Rouge Parish, Louisiana. (R. Doc. 1-2). Plaintiff alleges that he was terminated on May 23, 2019, in retaliation for reporting alleged sexual harassment by a coworker, Keri Seay, in "violation of Title VII as well as state and federal whistleblower statutes." (Doc. 1-2 at 10-11). Plaintiff seeks recovery for "loss of income" and is seeking compensatory and punitive damages. (R. Doc. 1-2 at 12). Defendant subsequently removed the action, asserting federal question jurisdiction under 28 U.S.C. § 1331. (R. Doc. 1).

On June 7, 2021, Defendant filed a Motion to Dismiss. (R. Doc. 6).

On August 24, 2021, Defendant served its First Set of Interrogatories and Requests for Production of Documents on Plaintiff. (R. Doc. 11-2). After Plaintiff failed to provide timely responses, defense counsel requested a discovery conference. (R. Doc. 11-3). Defendants

represent that at the discovery conference, Plaintiff agreed to provide complete responses by November 1, 2021. (R. Doc. 11-1 at 2).

On November 1, 2021, Plaintiff provided unsigned discovery responses and produced certain documents. (R. Doc. 11-4). Plaintiff supplemented the response on November 8, 2021 with a copy of his resume. (R. Doc. 11-5). Defense counsel requested a second discovery conference to address, in part, confusion regarding which written responses respond to which discovery requests. *(*R. Doc. 11-6). Defendant represents that at the discovery conference, Plaintiff agreed to provide amended discovery responses. (R. Doc. 11-1 at 3).

On December 9, 2021, Plaintiff provided amended discovery responses. (R. Doc. 11-7). Defendant then requested a third discovery conference to discuss certain deficiencies with respect to these amended responses, including those concerning Interrogatory Nos. 3, 4, 5, 9 Request for Production Nos. 4 and 6. (R. Doc. 11-8 at 2). Defendant represents that the parties held this third discovery conference, but Plaintiff did not provide any further discovery responses or documents. (R. Doc. 11-1 at 3).

On January 25, 2022, Defendant filed the instant Motion to Compel, which seeks an order compelling supplemental responses to Interrogatory Nos. 3, 4 and 5, and Request for Production Nos. 4 and 6. (R. Doc. 11). Defendant "certifies that it has in good faith repeatedly conferred with [Plaintiff], through counsel, in an effort to obtain responses and production of documents without court action." (R. Doc. 11 at 4).

On January 26, 2022, the district judge granted Defendant's Motion to Dismiss, dismissed Plaintiff's state law claims with prejudice and Plaintiff's federal claims without prejudice, and provided Plaintiff the opportunity to file an amended pleading to assert non-prescribed federal claims. (R. Doc. 12 at 6).

On February 10, 2022, Plaintiff filed an Amended Complaint. (R. Doc. 13).[1] Plaintiff did not, however, file any opposition to the instant Motion to Compel.

## II.     Law and Analysis

### A.     Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra*

---

[1] For the purposes of this Order, the Court need not address whether Plaintiff's Amended Complaint remedies the issues identified in the district judge's ruling on Defendant's Motion to Dismiss.

*Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Wymore v. Nail*, No. 14-3493, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016) (citing *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

**B.     Analysis**

The Court has reviewed the record, including the discovery requests and responses at issue. With one exception – an objection to relevance raised in an amended response to Request for Production No. 6 – Plaintiff did not object to any of the written discovery requests at issue. Plaintiff has waived any objections not timely made, other than those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

As discussed below, the Court finds the information sought to fall within the scope of discovery. Accordingly, the Court will order Plaintiff to provide supplemental responses to the extent his original and amended responses are insufficient.

      1.      **Interrogatory No. 3**

Interrogatory No. 3 seeks the identity of persons or entities for whom Plaintiff has been employed:

> **INTERROGATORY NO. 3:**
> Identify all persons or entities other than Verma Systems for whom Plaintiff has worked as an employee or independent contractor at any time from the ten (10) years preceding your employment with the Verma Systems to the present, and for each such job state its location, the compensation record by Plaintiff, the dates of Plaintiff's employment or contractor relationship, the names of Plaintiff's supervisors and anyone with whom Plaintiff communicated while interviewing or applying for the work.

(R. Doc. 11-2 at 7). Plaintiff's first response was "Will e mail resume." (R. Doc. 11-4 at 3). Plaintiff then provided Defendant with a copy of his resume. (R. Doc. 11-5). The resume does not include the specific information sought in the interrogatory (including job locations, compensation records, and the names or any supervisors or contacts). Plaintiff then amended his response by stating: "Plaintiff does not remember details about his employment history ten years prior to working at Verma Systems However, plaintiffs resume contains his complete work history and has already been e-mailed to counsel for Verma Systems." (R. Doc. 11-7 at 2).

Plaintiff did not object to this interrogatory. The information provided in Plaintiff's resume is insufficient to satisfy the "option to produce business records" found in Rule 33(d). Defendant has agreed to "limit its inquiry to employment and/or independent contractor engagements **since** [Plaintiff's] termination from Verma on May 23, 2019 to the present." (R. Doc. 11-1 at 4). A plaintiff suing for back pay under Title VII has a duty to mitigate his damages by using reasonable diligence to obtain "substantially equivalent" employment. *Sellers v. Delgado Coll.*, 902 F.2d 1189, 1193 (5th Cir. 1990) ("Substantially equivalent employment is that employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the Title VII claimant

5

has been discriminatorily terminated.") (internal punctuation removed). The information sought, as limited by Defendant, falls within the scope of discovery.

Plaintiff must supplement his response to Interrogatory No. 3 by providing his employment information since his termination on May 23, 2019 to the present. The information provided must include "for each such job state its location, the compensation record by Plaintiff, the dates of Plaintiffs employment or contractor relationship, the names of Plaintiffs supervisors and anyone with whom Plaintiff communicated while interviewing or applying for the work."

### 2. Interrogatory No. 4

Interrogatory No. 4 seeks information with respect to Plaintiff's attempts to obtain employment since his termination on May 23, 2019:

> **INTERROGATORY NO. 4:**
> Identify each and every attempt Plaintiff has made to obtain employment or to enter into a business or contractual relationship with any person, business, entity, and/or identify each and every business that you owned, partially owned, or operated from May 23, 2019 to the present. In answering this Interrogatory, please identify the individual, employer or business; state the method (e.g., mailed or e-mailed resume, completed written application, response to request for proposals, telephone inquiry) by which the application for employment or attempt to enter into a business or contractual relationship was made; the dates of each attempt to obtain employment or enter into a business or contractual relationship; state the result of each attempt to obtain employment (e.g., hired or not) or enter into a business or contractual relationship (e.g., consummated or not); and as to any employment, or contractual or business relationship, identify the beginning and end dates, and the amount of "gross income" (as defined in 26 U.S.C. § 61) or payment received in connection with that employment or business relationship.

(R. Doc. 11-2 at 7-8). Plaintiff's first response was "Driver for Uber and Lyft." (R. Doc. 11-4 at 3). Plaintiff then provided the following amended response:

> **AMENDED RESPONSE TO REQUEST FOR INTERROGATORY NO. 4:**
> Plaintiff is currently unemployed. He has worked for UBER and LYFT since being fired from Verma Systems. Plaintiff has worked in INFORMATION TECHNOLOGY at CBM of Breaux Bridge, La. CBM is an IT Management

6

company. Plaintiff's supervisor was Shawn Petrie. Plaintiff earned $45,000,00 per year, Plaintiff's employment ended October 1, 2020.

(R. Doc. 11-7 at 2).

Plaintiff did not object to this interrogatory. There is no dispute that the information sought is relevant to whether, and to what extent, Plaintiff undertook reasonably diligent efforts to mitigate his alleged damages. *See Sellers*, 902 F.2d at 1193. The information sought falls within the scope of discovery. Plaintiff's responses, as amended, are insufficient.

Accordingly, Plaintiff must provide a supplemental response to the interrogatory identifying **all** attempts he has made to obtain employment since his termination and provide the **specific** information sought in the interrogatory.

### 3. Interrogatory No. 5

Interrogatory No. 5 seeks the identification of all individuals Plaintiff has contacted or communicated regarding the claims in this action:

> **INTERROGATORY NO. 5:**
> Identify all individuals that Plaintiff (or anyone acting on his behalf) has contacted or communicated with relating to the claims being made in this action, or the subject matter of this action. For each such contact or communication identified, provide the date and place of the contact or communication; state whether it was in person, by telephone, by e-mail, or in writing, and identify all persons present at any oral communication or in receipt of any written communication; describe the content of the contact or communication; and identify any documents which support, tend to support, refute, or tend to refute Plaintiffs response to this Interrogatory.

(R. Doc. 11-2 at 8). Plaintiff responded as follows: "Communications with previous legal counsel and current legal counsel are privileged Matters. Plaintiff had an entire EEOC case. Included is an email from plaintiff to his EEOC investigator." (R. Doc. 11-4 at 3). Plaintiff did not provide an amended response.

Plaintiff did not object to this interrogatory. Accordingly, Plaintiff has waived any objection that this discovery request is overly broad. It is unclear whether Plaintiff has identified every individual that he has contacted or communicated with regarding the claims in this action. To the extent he has communicated with his attorneys and his EEOC investigator, Plaintiff need not provide any additional information. Plaintiff must, however, identify any individuals with whom he has discussed the facts of this action (as well as the methods of communication) as requested by the interrogatory.

### 4. Request for Production No. 4

Request for Production No. 4 seeks the production of all communications between Plaintiff and Ms. Seay:

**REQUEST FOR PRODUCTION NO. 4:**
Produce all documents, text messages, phone records, pictures, letters, emails, or any other correspondence exchanged between Plaintiff and Ms. Seay.

(R. Doc. 11-2 at 12). Plaintiff provided the following response: "None of the items requested are in the possession of Plaintiff. Trial Exhibits have [n]ot been yet determined." (R. Doc. 11-4 at 8). In his amended response, Plaintiff stated: "Text messages between plaintiff and Keri Seay have already been sent to defendants' counsel." (R. Doc. 11-7 at 5). Defendant represents that Plaintiff has not produced any "additional material that is responsive to the request, other than the text messages he produced on November 1, 2021." (R. Doc. 11-1 at 7).

Plaintiff did not object to this request for production. The documents sought, which pertain to communications between Plaintiff and his alleged harasser, fall within the scope of discovery.

Accordingly, Plaintiff must produce all responsive documents (including text messages, phone records, pictures, letters, emails, or any other correspondence exchanged between Plaintiff

and Ms. Seay) that are in Plaintiff's possession, custody, or control. In the alternative, Plaintiff must confirm that there are no additional documents responsive to this request (other than the produced text messages) that are in his possession, custody, or control.

### 5. Request for Production No. 6

Request for Production No. 6 seeks the production of all documents showing any income Plaintiff received for unemployment compensation or employment since his termination:

> **REQUEST FOR PRODUCTION NO. 4:**
> Produce documents showing any income you have received for unemployment compensation, employment or the provision of your services in any manner since May 23, 2019.

(R. Doc. 11-2 at 13). In response, Plaintiff responded "NONE." (R. Doc. 11-4 at 8). In his amended response, Plaintiff objected on the basis of "lack of relevance." (R. Doc. 11-7 at 6).

The Court overrules Plaintiff's objection based on lack of relevance. The information sought is relevant to Plaintiff's request for compensatory damages for lost wages.

Defendant asserts, however, that at a discovery conference that Plaintiff "should produce all payroll information, benefits records, and/or tax records in his possession, such as his income tax statements along with 1099s and W2s for the years 2019, 2020, and 2021 in order to satisfy the request." (R. Doc. 11-1 at 7). Courts have held that "because tax returns are 'highly sensitive documents,' their discovery requires that the requesting party demonstrate both: (1) that the requested tax information is 'relevant' to the subject matter of the action; and (2) that there is a 'compelling need' for the information because the information contained in the tax returns is not 'otherwise readily obtainable' through alternative forms of discovery, such as depositions or sworn interrogatory answers." *Butler v. Exxon Mobil Ref. & Supply Co.*, No. 07-386, 2008 WL 4059867, at *2 (M.D. La. Aug. 28, 2008) (citing *National Gas Pipeline Co. of America,* 2 F .3d 1397, 1411 (5th Cir. 1993)).

That said, Request for Production No. 6 does not specifically seek tax records. Furthermore, Defendant has not demonstrated why the information sought (documents reflecting the total income received since Plaintiff's termination) cannot be obtained through other documents or forms of discovery.

Accordingly, the Court will not require Plaintiff to produce tax records in response to this particular document request. The Court will, however, require Plaintiff to provide a full response to Request for Production No. 6 as written. The response "none" is clearly inconsistent with Plaintiff's other responses providing that he has been employed since his termination. Plaintiff must identify and produce responsive documents substantiating any "income" he has received since May 23, 2019.

### 6.     Award of Reasonable Expenses

If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the movant failed to attempt in good faith to obtain the discovery without court action, the opposing party's response or objection was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5).

Given the record, including Defendants multiple attempts to obtain discovery without court intervention, and Plaintiffs' failure to file any opposition to the instant Motion to Compel, the Court will also award Defendant the recovery of reasonable expenses incurred in making the instant motion, including attorney's fees, pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** Defendant's Motion to Compel (R. Doc. 11) is **GRANTED**. Plaintiff must provide supplemental responses to Interrogatory Nos. 3, 4 and 5, and Request for Production Nos. 4 and 6, as detailed above, within **7 days** of the docketing of this Order or as otherwise agreed upon by the parties.

**IT IS FURTHER ORDERED** that Defendant is entitled to an award of the reasonable attorney's fees and costs incurred in bringing this Motion to Compel, and that Plaintiff shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs, Plaintiff shall pay that amount;

(2) If the parties do not agree to a resolution, Defendant may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff shall, within 7 days of the filing of Defendant's Motion, file any opposition pertaining to the imposition of the amounts requested by Defendant.

Signed in Baton Rouge, Louisiana, on February 18, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**