UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL CAMPBELL                                         CIVIL ACTION

VERSUS                                                              NO. 21-272-BAJ-RLB

VERMA SYSTEMS, INC., ET AL.

**ORDER**

Before the Court is Defendant's Motion for Fees and Costs filed on March 3, 2022. (R. Doc. 17). The deadline to file an opposition expired on March 10, 2022. (R. Doc. 14 at 11). Plaintiff has not filed an opposition as of the date of this Order. Accordingly, the Motion for Fees and Costs is unopposed.

**I.    Background**

On November 12, 2020, Michael Campbell ("Plaintiff"), a former employee of Verma Systems, Inc. ("Verma" or "Defendant"), filed this action in the 19th Judicial District Court for East Baton Rouge Parish, Louisiana. (R. Doc. 1-2). Plaintiff alleges that he was terminated on May 23, 2019, in retaliation for reporting alleged sexual harassment by a coworker, Keri Seay, in "violation of Title VII as well as state and federal whistleblower statutes." (R. Doc. 1-2 at 10-11). Plaintiff seeks recovery for "loss of income" and is seeking compensatory and punitive damages. (R. Doc. 1-2 at 12). Defendant subsequently removed the action, asserting federal question jurisdiction under 28 U.S.C. § 1331. (R. Doc. 1).

The events leading to the filing of the Motion to Compel are relevant for a determination of reasonable expenses. On August 24, 2021, Defendant served its First Set of Interrogatories and Requests for Production of Documents on Plaintiff. (R. Doc. 11-2). On October 21, 2021, after Plaintiff failed to provide timely responses, defense counsel requested a discovery

conference. (R. Doc. 11-3). Defendant represents that at the discovery conference, Plaintiff agreed to provide complete responses by November 1, 2021. (R. Doc. 11-1 at 2).

On November 1, 2021, Plaintiff provided unsigned discovery responses and produced certain documents. (R. Doc. 11-4). Plaintiff supplemented the response on November 8, 2021 with a copy of his resume. (R. Doc. 11-5). Defense counsel requested a second discovery conference to address, in part, confusion regarding which written responses respond to which discovery requests. *(*R. Doc. 11-6). Defendant represents that at the discovery conference, Plaintiff agreed to provide amended discovery responses. (R. Doc. 11-1 at 3).

On December 9, 2021, Plaintiff provided amended discovery responses. (R. Doc. 11-7). Defendant then requested a third discovery conference to discuss certain deficiencies with respect to these amended responses, including those concerning Interrogatory Nos. 3, 4, 5, 9 Request for Production Nos. 4 and 6. (R. Doc. 11-8 at 2). Defendant represents that the parties held this third discovery conference, but Plaintiff did not provide any further discovery responses or documents. (R. Doc. 11-1 at 3).

On January 25, 2022, Defendant filed its Motion to Compel, which sought an order compelling supplemental responses to Interrogatory Nos. 3, 4 and 5, and Request for Production Nos. 4 and 6. (R. Doc. 11). Defendant certified "that it has in good faith repeatedly conferred with [Plaintiff], through counsel, in an effort to obtain responses and production of documents without court action." (R. Doc. 11 at 4).

Plaintiff failed to file a timely opposition to the Motion to Compel. Given the record, the Court granted the Motion to Compel and awarded Defendant the recovery of reasonable expenses incurred in making the motion, including attorney's fees, pursuant to Rule 37(a)(5)(A)

of the Federal Rules of Civil Procedure. (R. Doc. 14).[1] The Order provides that if the parties could not reach resolution on a reasonable amount of expenses to be paid, Defendant may file a Motion for Fees and Costs setting forth the reasonable amount of costs and attorney's fees to be paid by Defendant, including evidentiary support, incurred in obtaining the Court's Order.

On March 3, 2022, Defendant filed the instant Motion for Fees and Costs, which seeks recovery in an amount of $5,625. (R. Doc. 17). The record indicates that prior to filing the instant motion, defense counsel twice contacted Plaintiff's counsel in an attempt to agree to a reasonable amount of fees and costs without further court intervention, but Plaintiff's counsel did not respond. (R. Doc. 17-1).

In support of the award sought, defense counsel, Jennifer Hataway, submits an Affidavit and time records indicating that she has engaged in the practice of law for over 22 years, and billed 15 hours at a rate of $375 an hour with respect to bringing the Motion to Compel between September 2021 and January 2022. (R. Doc. 17-2). While provided with the opportunity to do so, Plaintiff did not file any opposition to the instant motion or otherwise express any objection to the reasonableness of the fees and costs sought.

## II.    Law and Analysis

### A.    Lodestar Calculation

If a motion to compel is granted, Rule 37(a) allows the court to award "reasonable expenses incurred in making the motion, including attorney's fees" after affording the parties an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(A). Here, Defendant is only seeking recovery of attorney's fees. The "lodestar" calculation is the "most useful starting point" for determining the

---

[1] Plaintiff did not file an objection with the district judge within 14 days after being served with a copy of the undersigned's prior Order granting Defendant's Motion to Compel. *See* Fed. R. Civ. P. 72(a). Instead, Plaintiff sought to appeal the prior Order directly to the Fifth Circuit. (R. Doc. 15). In response, Defendant has filed a motion arguing that Plaintiff is attempting an improper interlocutory appeal. (R. Doc. 18).

3

award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar calculation involves multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate based on the market for that work in the community. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012); *Forbush v. J.C. Penny Co.,* 98 F.3d 817, 821 (5th Cir.1996).

Once the district court determines the lodestar, "[t]he district court may then adjust the lodestar upward or downward depending on the respective weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)." *Forbush*, 98 F.3d at 821. The *Johnson* factors include: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to the acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent;[2] 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-719.

### 1. Reasonable Hourly Rates

The first step in ascertaining the lodestar is determining counsel's reasonable hourly rate. This rate is the market rate for similar services by similarly trained and experienced attorneys in the relevant legal community. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The relevant legal community is generally the judicial district in which the litigation occurred, here, the Middle District of Louisiana. *See Comar Marine Corp. v. Raider Marine Logistics, LLC*, No.

---

[2] The Supreme Court has barred consideration of the *Johnson* factor pertaining to whether the fee was fixed or contingent. *See City of Burlington v. Dague*, 505 U.S. 557, 566-67 (1992).

09-1438, 2016 WL 99208, at *4 (W.D. La. Jan. 7, 2016). "An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested." *Pickney v. Strategic Restaurant Acquisition Co., LLC*, No. 16-0211, 2017 WL 1821125, at *2 (W.D. La. May 4, 2017) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995)). The reasonable hourly rate for a particular community may be established based on the affidavits of other attorneys practicing there. *Id.* (citing *Thompson v. Connick*, 553 F.3d 836, 867-68 (5th Cir. 2008)). "[A] district court 'is itself an expert' on the issue of fees and 'may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value.' " *Winget v. Corp. Green, LLC*, No. 09-0229, 2011 WL 2173840, at *6 (M.D. La. May 31, 2011) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Although at the higher end, the Court concludes that the hourly rate of $375 for Jennifer Hathaway, an attorney with 22 years of experience, is reasonable. Plaintiff has not submitted any arguments in support of a finding that the hourly rate for defense counsel is unreasonable. Furthermore, decisions from this district indicate that defense counsel's rate is within the range of prevailing market rates for an attorney with her years of experience. *See*, *e.g.*, *Hollenbeck v. False River Veterinary Clinic*, No. 20-764, 2021 WL 5467021, at *3 (M.D. La. Nov. 1, 2021) ($300 per hour is reasonable rate of attorney with 27-28 years of experience in FLSA cases), *report and recommendation adopted*, 2021 WL 5458418 (M.D. La. Nov. 22, 2021); *Pilkington N. Am., Inc. v. Smith*, No. 11-176, 2014 WL 6633096, at *2 (M.D. La. Nov. 21, 2014) ($340 per hour is reasonable average rate for attorney with more than 25 years of experience); *see also Hamdan v. Tiger Bros. Food Mart Inc.*, No. 15-412, 2018 WL 3029991, at *12 (M.D. La. May

5

22, 2018) ($375 per hour is reasonable rate for attorney with 30 years of IP experience), *report and recommendation adopted*, 2018 WL 3028943 (M.D. La. June 18, 2018).

### 2. Hours Reasonably Expended

To arrive at the lodestar, the court multiplies the approved hourly rates by the number of hours reasonably expended on the case. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). A plaintiff seeking attorney fees has the burden of showing the reasonableness of the hours billed, including proving they exercised billing judgment. *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). Accordingly, the fee applicant should submit documentation of the hours charged as well as those written off as unproductive, excessive, or redundant. *Saizan*, 448 F.3d at 799. If the court finds that the fee-seeking attorney failed to exercise billing judgment, it may reduce the hours awarded by a percentage or conduct a line-by-line analysis of the time report. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Green v. Admins. of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002).

Here, defense counsel seeks to have included in the calculation of reasonable fees, for the purposes of an award under Rule 37(a)(5)(A), a total of **15 hours** of attorney time "in obtaining the order on the motion to compel, including time spent engaged in reviewing and seeking complete discovery responses (i.e., participating in informal telephone conferences, conducting three separate discovery conferences and providing written communications setting forth the specific issues) and ultimately filing a motion to compel and a memorandum in support." (R. Doc. 17-2 at 2). Defendant's Motion for Fees and Costs does not identify any time that has been written off as unproductive, excessive, or redundant.

Having reviewed the invoices submitted by defense counsel, the Court finds it appropriate to reduce the award sought after conducting a line-by-line analysis of the submitted

time reports. The Court finds it appropriate to reduce the billable hours sought, for the purposes of the calculation of a reward under Rule 37(a)(5)(A), to the extent the time entries are vague, generalized, or not strictly limited to time "incurred in making the motion" as required under the Rule. *See Stagner v. W. Kentucky Navigation, Inc.*, No. 02-1418, 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004) ("Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel."). This will result in a reduction of **5.25 hours**.

Given the multiple efforts required by defense counsel to obtain discovery responses and supplemental responses, the Court will allow Defendant to recover attorney time (after the original response deadline) involved in corresponding and conferencing with Plaintiff's counsel regarding the discovery deficiencies. The Court will reduce, as appropriate, time entries that vaguely refer to the receipt or review of discovery responses and pleadings files (which is required regardless of whether any motion to compel is ultimately filed), correspondence with the client (which is separate and apart from any legal work required to determine the reasonableness of discovery responses), and internal conferences with other counsel not involved in discovery conferences or drafting the underlying discovery motion.

The time entries (with the non-recoverable time entry descriptions in bold) are as follows:

- 9/21/21 – **Telephone conference with Deidre Peterson; review of discovery; draft memo** (0.50 reduced to 0.0)[3]
- 10/21/21 – **Review of pleadings file**; draft correspondence to Deidre Peterson (0.50 reduced to 0.25)
- 10/25/21 – Discovery conference with Deidre Peterson; **draft emails; receipt and review of emails** (1.00 reduced to 0.50)
- 11/01/21 – **Receipt and review of discovery responses; draft transmittals** (1.00 reduced to 0.00)
- 11/02/21 – Draft discovery deficiency letter; **receipt and review of email from Mitch Verma** (0.50 reduced to 0.25)

---

[3] Defendant's Motion to Compel acknowledges that the discovery responses at issue were due on September 23, 2021. (R. Doc. 11-1 at 2). Accordingly, this time entry for September 21, 2021 is not recoverable.

- 11/03/21 – **Draft email to Mitch Verma, receipt and review of email from Mitch Verma**; **review discovery** and continued work on deficiency letter (0.75 reduced to 0.25)
- 11/08/21 – **Receipt and review of correspondence from Deidre Peterson with attached supplemental discovery** (0.25 reduced to 0.00)
- 11/22/21 – Draft email to Deidre Peterson; draft deficiency issues list; telephone conference with Deidre Peterson (0.50)
- 12/09/21 – Telephone conference with Deidre Peterson; draft email to Deidre Peterson; **receipt and review of updated discovery responses; draft email to Mitch Verma** (1.25 reduced to 0.75)
- 12/22/21 – Draft email to Deidre Peterson regarding supplemental discovery/settlement (0.25)
- 01/03/22 – **Review of file materials**; draft email to Deidre Peterson regarding discovery deficiencies; draft letter to Deidre Peterson regarding discovery conference; **draft email to client**; begin drafting motion to compel (2.50 reduced to 2.00)
- 01/06/22 – Draft motion to compel and memorandum in support; conference call with plaintiff counsel; **conference call with Mitch Verma; office conference with Scott Keaty** (1.75 reduced to 1.25)
- 01/07/22 – Telephone conference with Deidre Peterson (0.25)
- 01/21/22 – Telephone conference with Deidre Peterson; **draft email to Mitch Verma**; **receipt and review of email from Deidre Peterson** (0.25)
- 01/24/22 – Draft motion to compel; draft memorandum in support; review and revise motion and memorandum (3.00)
- 01/25/22 – **Draft email with draft motion and memorandum to Mitch Verma;** prepare exhibits; **receipt and review of email from Mitch Verma**; review and revise memorandum; file motion and memorandum (0.75 reduced to 0.25)

(R. Doc. 17-2).

The Court notes that defense counsel has submitted invoices using quarter-hour billing. Courts have reduced fee awards where "time entries were rounded to the nearest fifteen minutes" because "quarter-hour billing does not accurately reflect the number of hours spent on each task and is very likely to inflate the time Plaintiff's attorney devoted" to the case. *Brown v. Astrue*, No. 09-487, 2011 WL 612730, at *2-3 (M.D. La. Feb. 7, 2011( (reducing billing increments from 0.25 to 0.10 for reviewing simple documents and court orders); *see also Hawkins v. Astrue*, No. 09-7460, 2010 WL 5375948, at * 1 (E.D. La. Nov. 24, 2010) ("The Court finds that billing in .25 increments for a review of what are at most one-page documents is unreasonable.");

8

*Hagan v. MRS Assocs., Inc.*, No. 99-3749, 2001 WL 531119, at *4 (E.D. La. May 15, 2001) ("The billing records in this case, reflecting many quarter-hour time entries for the briefest of tasks, undermine the reasonableness of at least a portion of the billings."). Given the degree to which the Court has already reduced the sought billable hours, however, the Court will not further reduce the time records below the quarter hour billing increments.

Having considered the record, including the lack of any opposition by Plaintiff, the Court will set the lodestar amount at **$3,656.25** (9.75 hours at $375 per hour).

    **B.**    **Adjustment of the Lodestar Amount**

The Court has considered the *Johnson* factors, and finds no basis to increase or decrease the lodestar amount.

**III.**    **Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion for Fees and Costs (R. Doc. 17) is **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** that, pursuant to Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure and this Court's prior Order (R. Doc. 14), Plaintiff shall pay Defendant the amount of **$3,656.25** in reasonable expenses incurred in bringing its Motion to Compel.

**IT IS FURTHER ORDERED** that Plaintiff shall make such payment within **14 days** of the resolution of Plaintiff's appeal of the Court's prior Order (R. Doc. 14), unless such appeal results in the reversal of the Court's award of reasonable expenses pursuant to Rule 37(a)(5)(C).

Signed in Baton Rouge, Louisiana, on March 22, 2022.

                                               **RICHARD L. BOURGEOIS, JR.**
                                               **UNITED STATES MAGISTRATE JUDGE**