UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL CAMPBELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-272-BAJ-RLB** |
| **VERMA SYSTEMS, INC., ET AL.** | |

### ORDER

Before the Court is Defendant's Motion to Amend Scheduling Order (R. Doc. 24) and Defendant's Motion for Sanctions/Contempt and to Dismiss Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and/or 41 ("Motion for Sanctions/Contempt") (R. Doc. 25), both filed on June 29, 2022. The Court ordered expedited briefing, explicitly warning Plaintiff that failure to file any responses to these motions by July 11, 2022 would result in the motions being deemed unopposed. (R. Doc. 26). Plaintiff has not filed responses as of the date of this Order. Accordingly, the instant motions are unopposed.

**I.    Background**

On November 12, 2020, Michael Campbell ("Plaintiff"), a former employee of Verma Systems, Inc. ("Defendant"), filed this action in the 19th Judicial District Court for East Baton Rouge Parish, Louisiana. (R. Doc. 1-2). Defendant subsequently removed the action, asserting federal question jurisdiction under 28 U.S.C. § 1331. (R. Doc. 1).

On January 26, 2022, the district judge granted Defendant's motion to dismiss (R. Doc. 6), but allowed Plaintiff the opportunity to amend his Complaint. (R. Doc. 12). Plaintiff has filed an Amended Complaint. (R. Doc. 13).

On February 18, 2022, the undersigned granted Defendant's motion to compel (R. Doc. 11), requiring Plaintiff to provide supplemental discovery responses within seven days of the Order. (R. Doc. 14). Plaintiff did not appeal this order to the district judge.

On February 24, 2022, Plaintiff filed a Notice of Appeal to the Fifth Circuit Court of Appeals challenging both of the above rulings. (R. Doc. 15).[1]

On March 23, 2022, the undersigned granted, in part, Defendant's motion for attorney's fees (R. Doc. 17) by ordering Plaintiff to pay Defendant the amount of $3,656.25 in reasonable expenses incurred in bringing its motion to compel, within 14 days of the resolution of Plaintiff's appeal, unless such appeal results in the reversal of the award of reasonable expenses. (R. Doc. 19). That same day, Defendant filed a motion for summary judgment (R. Doc. 20), which remains pending before the district judge.

On June 14, 2022, the Fifth Circuit dismissed Plaintiff's appeal for want of prosecution for failure to pay the docketing and filing fee. (R. Doc. 22).[2] Accordingly, Plaintiff was required to pay Defendant the amount of $3,656,25 on or before June 28, 2022.

Defendant now seeks sanctions up to and including dismissal of this action because Plaintiff did not comply with the undersigned's February 18, 2022 discovery order (requiring Plaintiff to provide supplemental discovery responses) or the undersigned's March 23, 2022 order for sanctions (requiring Plaintiff to pay reasonable expenses incurred in bringing the motion to compel). (R. Doc. 25). Defendant also seeks a stay of the remaining deadlines in this

---

[1] Defendant moved to dismiss Plaintiff's Notice of Appeal because it improperly seeks an appeal of two interlocutory orders. (R. Doc. 18). This motion, which was filed prior to the dismissal of the appeal, remains pending before the district judge.
[2] Plaintiff has since moved to proceed on appeal in forma pauperis. (R. Doc. 23). This motion, which was filed after the dismissal of the appeal, remains pending before the district judge.

action,[3] until Plaintiff complies with the foregoing orders and the resolution of all pending motions filed by Defendant. (R. Doc. 24).

## II. Law and Analysis

### A. Defendant's Motion for Sanctions/Contempt

"Federal district courts have the inherent power, as well as the authority expressly granted under the Federal Rules of Civil Procedure, to impose sanctions where warranted." *Reyes v. Julia Place Condominiums Homeowners Association, Inc.*, No. 12-2043, 2016 WL 5871278, at * 2 (E.D. La. Oct. 7, 2016). "When parties or their attorneys engage in bad faith conduct, a court should ordinarily rely on the Federal Rules as the basis for sanctions" prior to resorting to its inherent powers. *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1410 (5th Cir. 1993) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). While "the Federal Rules do not explicitly provide an avenue to sanction attorneys who fail to comply with discovery orders," a court may exercise its inherent powers to sanction discovery abuses by an attorney under its inherent powers. *Id*. at 1410-11.

Rule 37 of the Federal Rules of Civil Procedure provides for the imposition of sanctions against a party who fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Appropriate sanctions include the following:

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> **(iii)** striking pleadings in whole or in part;
> **(iv)** staying further proceedings until the order is obeyed;
> **(v)** dismissing the action or proceeding in whole or in part;
> **(vi)** rendering a default judgment against the disobedient party; or

---

[3] The deadlines to complete discovery and to file dispositive motions have all expired. (*See* R. Doc. 9). The next deadline in this action is the deadline to file a proposed pre-trial order on July 22, 2022. (R. Doc. 9 at 2). A bench trial is set to commence on October 17, 2022. (R. Doc. 9 at 2).

3

>    **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Instead of or in addition to these permitted sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also* Fed. R. Civ. P. 37(d)(1)(A)(ii) (providing that the court may order sanctions if "a party, after being served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."). An award of severe sanctions under Rule 37 (such as an award of default judgment) is only appropriate where a lesser sanction would not substantially achieve the desired deterrent effect. *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003).

Here, Defendant seeks the following relief with respect to Plaintiff's failure to answer the discovery requests, and pay awarded expenses, within the time ordered by the Court: (1) an order dismissing Plaintiff's claims; (2) an order, in the alternative, striking Plaintiff's claims and prohibiting him from calling witnesses, introducing documents as exhibits, and/or presenting evidence; or (3) an order, in the further alternative, holding Plaintiff in contempt and requiring payment of fees associated with the instant motion. (R. Doc. 25 at 2-3).

Having considered the record, including Plaintiff's failure to comply with the Court's discovery orders and failure to file a timely written opposition to the instant Motion for Sanctions/Contempt, the Court will require payment of the reasonable expenses incurred in bringing the instant Motion for Sanctions/Contempt. Plaintiff and Plaintiff's counsel are warned

that any further failure to comply with this Court's orders may result in a recommendation to the district judge that Plaintiff's claims be dismissed with prejudice as an appropriate sanction. Given Defendant's pending Motion for Summary Judgment (R. Doc. 20), and the fact that Plaintiff has not filed a timely opposition to it, the Court finds it appropriate not to recommend dismissal of this action at this time as a discovery sanction.

### B.    Motion to Amend Scheduling Order

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enterprises, LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134

5

F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) ).

Defendant seeks an order modifying the remaining deadlines provided in the Court's July 15, 2021 Scheduling Order (R. Doc. 9) in light of the delays caused by Plaintiff's failure to comply with the Court's February 18, 2022 discovery order. (R. Doc. 24). Defendant does not seek to reopen the expired deadlines to complete discovery and file dispositive motions. In effect, Defendant seeks a continuance of all remaining deadlines through the trial date until Plaintiff complies with the Court's Orders and Defendant's outstanding motions are resolved.

Having considered the record, including the lack of any opposition, the Court finds good cause to continue all remaining deadlines as required. To be clear, the Court does not find good cause to reopen the deadlines to conduct discovery or file dispositive motions.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion for Sanctions/Contempt (R. Doc. 25) is **GRANTED IN PART and DENIED IN PART**. Plaintiff must fully comply with the Court's February 18, 2022 Order (R. Doc. 14), by providing the required supplemental discovery responses, and the Court's March 23, 2022 Order (R. Doc. 17), by paying Defendant the amount of $3,656.25, **within 7 days of the date of this Order**. Plaintiff shall file into the record a written certificate of compliance once he has complied with those orders. Failure to comply with this Order may result in a recommendation that this action be dismissed with prejudice without further notice.

**IT IS FURTHER ORDERED** that Defendant is entitled to an award of the reasonable attorney's fees and costs caused by Plaintiff and Plaintiff Counsel's failure to obey the Court's

6

February 18, 2022 order (R. Doc. 14) and March 23, 2022 order (R. Doc. 17), as required under Rule 37(b)(2)(C), and that <u>Plaintiff and his attorney</u> shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs incurred, Plaintiff and/or Plaintiff's counsel shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Defendant may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37(b)(2)(C), setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff, through counsel of record, shall, within 7 days of the filing of Defendant's Motion, file any opposition pertaining to the imposition of the amounts requested by Defendant.

**IT IS FURTHER ORDERED** that Defendant's Motion to Amend Scheduling Order (R. Doc. 24) is **GRANTED**. The remaining deadlines in this action are **CONTINUED** until Plaintiff complies with the Court's Orders and Defendant's outstanding motions are resolved. Defendant shall inform the Court at the applicable time, if appropriate, to set a new trial date and pre-trial deadlines. The deadlines to complete discovery and file dispositive motions remain expired.

Signed in Baton Rouge, Louisiana, on July 18, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**