UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL CAMPBELL                                              CIVIL ACTION

VERSUS

VERMA SYSTEMS, INC., ET AL.                         NO. 21-00272-BAJ-RLB

RULING AND ORDER

    As previously set forth, this employment dispute alleges unlawful workplace harassment and retaliatory discharge. Defendant Verma Systems is an IT services company based in Baton Rouge, Louisiana. Plaintiff, a Project Engineer at Verma from August 2018 to May 2019, asserts that immediately after his hire and continuing until his discharge, a co-worker with close ties to "superiors in the company" made unwanted "sexual advances," causing Plaintiff to "fear[] retaliation" if he reported her or otherwise displeased her. (Doc. 13 at pp. 4-5). Plaintiff further alleges that events outside his control ultimately forced his hand, such that on May 22, 2019 he "had no alternative but to disclose the entire sexual harassment and hostile work environment situation" to his supervisor, which prompted Verma to fire him the next day, citing "poor work performance." (*Id.* at pp. 6-7).

    On November 12, 2020, Plaintiff initiated this action, pursuing claims of sex-based discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Louisiana Employment Discrimination Law, La. R.S. § 23:301, *et seq.* (Doc. 1-2). The Court has dismissed Plaintiff's state-law claims as time-barred, (Doc. 12), leaving only Plaintiff's claims of hostile work environment

and retaliatory discharge under Title VII. (Doc. 13). Now, Verma moves for summary judgment. (Doc. 20). Plaintiff's deadline to oppose has long since passed, with no response from Plaintiff.[1]

The summary judgment standard is well-set: to prevail, Verma must show that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In making this assessment, the Court must view all evidence and make all reasonable inferences in the light most favorable to Plaintiff—the non-moving party. *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022). Even so, under the Federal *and* Local Civil Rules, Plaintiff *must* counter with *evidence* to support his claims: "A non-movant will not avoid summary judgment by presenting speculation, improbable inferences, or unsubstantiated assertions." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quotation marks omitted); *see also* M.D. La. LR 56. To the point, summary judgment is *required* if Plaintiff fails to "produce any summary judgment evidence on an essential element of his claim." *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).

For Plaintiff's hostile work environment claim to survive, the evidence must establish (among other things) a genuine dispute that Plaintiff suffered sex-based harassment that "affected a term, condition, or privilege of employment." *Jones v.*

---

[1] At this point, it appears that Plaintiff has all but abandoned his case. In addition to failing to respond to Verma's summary judgment motion, he has not meaningfully engaged in discovery, did not oppose Verma's motion seeking to compel discovery responses, and even did not oppose Verma's motion to recover attorney's fees incurred as a result of filing its motion to compel. The Magistrate Judge's July 18, 2022 Order awarding attorney's fees to Verma expressly warned Plaintiff that his continued failure to participate in his *own* case "may result in a recommendation to the district judge that Plaintiff's claims be dismissed with prejudice as an appropriate sanction." (Doc. 27 at p. 5). Still, nothing from Plaintiff.

*PNK (Baton Rouge) P'ship*, No. 16-cv-00843, 2018 WL 3430683, at *5 (M.D. La. July 16, 2018) (Jackson, J.). This requires harassment "sufficiently severe or pervasive [so as] to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (quotation marks and alterations omitted). Plaintiff's allegations aside, the only *evidence* of *any* interaction between Plaintiff and the alleged abusive co-worker are snippets of text messages emailed from Plaintiff to Verma *after* his termination. (*See* Doc. 20-3 at pp. 5-6, 10-11). These messages are not authenticated, not dated, and incomplete. Plainly they are not competent summary judgment evidence. *See Cruz v. Aramark Servs., Inc.*, 213 F. App'x 329, 332–33 (5th Cir. 2007) (unauthenticated letters from Plaintiff's EEOC file "cannot be used to defeat summary judgment"). But even accepting these text messages at face value, at best they suggest *welcome and reciprocal* sexual advances between Plaintiff and the co-worker, hardly the stuff of a hostile work environment claim. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 68 (1986) ("The gravamen of any sexual harassment claim is that the alleged sexual advances were 'unwelcome.'"). Having failed to produce any evidence establishing a genuine dispute that he suffered harassment that affected the conditions of his employment, Plaintiff's hostile work environment claim must be dismissed. *Geiserman*, 893 F.2d at 793.

The same goes for Plaintiff's claim of retaliatory discharge. To prevail here, Plaintiff must identify evidence establishing (among other things) a causal connection between his termination and having reported his co-worker's alleged harassment. *See Thompson v. E. Feliciana Sch. Sys.*, No. 19-cv-00840, 2021 WL

3

3260059, at *5 (M.D. La. July 29, 2021) (Jackson, J.). Now, however, the undisputed evidence establishes that Verma fired Plaintiff "due to his attitude and poor performance," *and* that the supervisor responsible for terminating Plaintiff did *not* know of Plaintiff's complaint at the time he made his decision. (Doc. 20-4 at ¶ 5; *see also* Doc. 20-3 at ¶ 7(c); Doc. 20-5 at ¶¶ 1-4)). Having failed to produce any evidence establishing that his complaint caused his termination, Plaintiff's retaliatory discharge claim must also be dismissed. *Geiserman*, 893 F.2d at 793.

Accordingly,

**IT IS ORDERED** that Verma's **Motion For Summary Judgment (Doc. 20)** be and is hereby **GRANTED**, and that Plaintiff's remaining claims be and are hereby **DISMISSED WITH PREJUDICE**.

Judgment shall issue separately.

Baton Rouge, Louisiana, this 16th day of March, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**